UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE GERHART, | ) | CASE NO. 5:10-CV-2649 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | | |

This case is before the undersigned pursuant to the consent of the parties.  (Doc. 13).  The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Joanne Gerhart's applications for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., is supported by substantial evidence and therefore, conclusive.

For the reasons set forth below, the Court VACATES the decision of the Commissioner and REMANDS the case back to the Social Security Administration.

I. INTRODUCTION & PROCEDURAL HISTORY

On June 21, 2006, Plaintiff Joanne Gerhart ("Plaintiff" or "Gerhart") filed applications for a Period of Disability and Disability Insurance benefits and Supplemental Security Income benefits alleging that she became disabled on March 14, 2003, due to suffering from back pain, osteoarthritis, and spinal stenosis.  (Tr. 70-71, 137, 155).  Gerhart's applications were denied initially and upon reconsideration.  (Tr. 74-81, 86-91).  Thereafter, Plaintiff requested a hearing

before an administrative law judge to contest the denial of her applications. (Tr. 93). The Social Security Administration granted Plaintiff's request and scheduled a hearing. (Tr. 96-100).

On July 22, 2008, Administrative Law Judge Joseph Shortill ("ALJ Shortill" or the "ALJ") convened a hearing via video to evaluate Plaintiff's applications. (Tr. 22-69). ALJ Shortill presided over the hearing from Springfield, Massachusetts, and Gerhart, along with her attorney, appeared in Mansfield, Ohio. (Tr. 24). A vocational expert, Mr. James Parker (the "VE"), also appeared and testified at the hearing. (Tr. 57-69). On October 22, 2008, the ALJ issued his decision and determined that Gerhart was not disabled. (Tr. 13-21). In his written decision, ALJ Shortill applied the five-step sequential analysis,[1] and concluded that Plaintiff retained the ability to perform work which existed in significant numbers in the national

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability". *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

economy and thus, was not disabled. (*Id*.) Following this ruling, Gerhart sought review of the ALJ's decision from the Appeals Council. (Tr. 6). But, the council denied Plaintiff's request, thereby making ALJ Shortill's decision the final decision of the Commissioner. (Tr. 1-5). Gerhart now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

Gerhart, born on June 5, 1960, was 42 years old on her alleged onset date, and 48 years old at the time of her hearing before ALJ Shortill, which means that she was considered as a "younger person" for Social Security purposes at all relevant times. (Tr. 20, 29); 20 C.F.R. §§ 404.1563(c), 416.963(c). Gerhart completed the twelfth grade and graduated from high school. (Tr. 29). She has past experience working as a cashier, vending machine attendant, self-service gasoline station manager, deli cutter/slicer and assembler. (Tr. 59-60).

## II. ALJ's RULING

ALJ Shortill made the following relevant findings of fact and conclusions of law. At step one of the five-step sequential analysis, the ALJ found that Gerhart had not engaged in substantial gainful activity since her alleged onset date of March 14, 2003. (Tr. 15). At step two, ALJ Shortill held that Plaintiff suffered from the following severe impairments: degenerative disc disease, obesity, depression and a history of substance abuse. (*Id*) However, at step three, ALJ Shortill ruled that none of these impairments, individually or combined, met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16) Before moving to step four, the ALJ assessed Gerhart's residual functional capacity ("RFC") to work. (Tr. 16-20). ALJ Shortill determined that Plaintiff retained the RFC to "lift and carry 10 pounds frequently and 20 pounds occasionally, stand and walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday." (Tr. 16). The ALJ also placed other

restrictions on Plaintiff's physical and mental capacities to work. (*Id.*) Because of these limitations, at step four it was determined that Plaintiff was unable to return to any of her past relevant work. Nonetheless, ALJ Shortill found that Gerhart was able to perform other work existing in significant numbers in the national economy, such as that of a mall information clerk.[2] (Tr. 20-21). Therefore, the ALJ ruled that Plaintiff was not disabled.

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a

---

[2] Per the transcript, the VE labeled this position as a "*loan* information clerk". (Tr. 65). However, the corresponding code from the Dictionary of Occupational Titles provided by the VE, DOT 352.667-010, references the positions of a host/hostesses and stewards/stewardesses, DICOT 352.667-010, 1991 WL 672913, which would appear to align with the ALJ's description of this position as a "*mall* information clerk". Because neither party acknowledged this discrepancy, the Court presumes that this is merely an error in the transcript.

preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V.  ANALYSIS

Plaintiff raises one over-arching objection to the ALJ's decision. Gerhart submits that ALJ Shortill improperly evaluated her allegations of disabling pain. Plaintiff's argument is based upon several alleged errors she contends ALJ Shortill made in reviewing her applications. Gerhart purports that the ALJ failed to evaluate her subjective complaints of pain under the factors set forth in Social Security Ruling 88-13, provided baseless reasons for discrediting her testimony, overlooked several pieces of evidence in the record, misstated other evidence in the record, and erroneously failed to deem one of her impairments as severe at the second step of the analysis. Remand is appropriate due to the ALJ's failure to properly evaluate Plaintiff's credibility and allegations of pain.

1. Assessment of Plaintiff's Pain

"An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the] ALJ is charged with the duty observing a witness's demeanor and credibility." *Vance v. Comm'r of Soc. Sec.,* 260 F. App'x 801, 806 (6th Cir. 2008) (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Notwithstanding this standard, the ALJ must clearly state his reasons for rejecting a claimant's complaints as incredible. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's written opinion "must contain specific reasons for the finding on [the claimant's] credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2.

The Sixth Circuit has explained that "[s]ubjective complaints of pain or other symptoms shall not alone be conclusive evidence of disability." *Vance,* 260 F. App'x at 806 (*citing Arnett v. Comm'r of Soc. Sec.,* 76 F. App'x 713, 716 (6th Cir. 2003)) (internal quotations omitted). Instead, there must be some objective evidence to substantiate the claimant's statements regarding her pain. SSR 88-13, 1988 WL 236011, at *1. This circuit has established a two-part test to evaluate a claimant's complaints of disabling pain when the claimant's pain forms the basis for the request of benefits. 20 C.F.R. §§ 416.929(a), 404.1529(a); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853-54 (6th Cir. 1986); *Felisky,* 35 F.3d at 1039-40. First, the ALJ must determine whether the claimant has an underlying medically determinable impairment which could reasonably be expected to produce the claimant's symptoms. *Rogers,* 486 F.3d at 247. Second, if such an impairment exists, then the ALJ must evaluate the intensity, persistence and limiting

6

effects of the symptoms on the claimant's ability to work. *Id*. The ALJ should consider the following factors in evaluating the claimant's symptoms: the claimant's daily activities and functional restrictions; the nature, location, duration, frequency and intensity of the claimant's symptoms; any precipitating or aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate the symptoms; treatment, other than medication, the claimant receives to relieve the pain; measures used by the claimant to relieve the symptoms; and statements from the claimant and the claimant's treating and examining physicians. *Id.*; *Felisky, 35 F.3d at 1039-40*; SSR 88-13, 1988 WL 236011, at *3; SSR 96-7p, 1996 WL 374186, at *3.

  In applying this two-part test to Gerhart's claim, ALJ Shortill first concluded that there was sufficient evidence showing that Plaintiff suffered from a medically determinable impairment which could produce the symptoms Gerhart alleged. Yet, at the second part of the test, ALJ Shortill did not fully credit Gerhart's statements regarding the intensity, persistence and limiting effects of those symptoms. Plaintiff objects to this finding on two primary grounds. First, she argues that the ALJ did not properly evaluate her pain under the factors set forth in Social Security Ruling 88-13. Gerhart also maintains that the ALJ gave baseless reasons for discrediting her testimony regarding the severity of her pain.

  ALJ Shortill's analysis of Plaintiff's allegations of pain is deficient. The ALJ's opinion manifested knowledge of the two-part test used to evaluate a claimant's subjective statements about his or her symptoms, but ALJ Shortill did not adhere to the requirements of this test. For the initial part of the test, the ALJ properly acknowledged that Gerhart's impairments could reasonably be expected to cause her alleged symptoms. But, at the second part of the test, ALJ Shortill neglected to engage in a discussion analyzing the factors enumerated in *Felisky* and Social Security Rulings 96-7p and 88-13, to explain how these factors impacted the ALJ's

7

consideration of Plaintiff's pain. Instead, the ALJ summarily cited a host of reasons purporting to account for his decision to limit the credit given to Plaintiff's statements.

ALJ Shortill provided five reasons for discrediting Plaintiff's testimony: 1) the routine and/or conservative nature of Plaintiff's treatment; 2) the fact that Plaintiff "did not always follow-up on recommendations made by [her] treating doctor"; 3) Gerhart's lack of compliance with taking prescribed medication; 4) "significant gaps in her history of treatment"; and 5) Plaintiff's "continued use of crack cocaine since her alleged onset date, up to at least April 2008". (Tr. 19-20). Gerhart only directly challenged the second, third and forth reasons provided by the ALJ.

Gerhart maintains that it was improper for ALJ Shortill to question her credibility based upon the alleged "gaps" he perceived in her treatment history because the ALJ overlooked a number of records in her file. While discussing the medical records from the Cleveland Clinic on page seven of his written decision, ALJ Shortill stated that Gerhart was not seen at the clinic from June 2007 until June 18, 2008.[3] Plaintiff actually presented to the facility three times within this time period, specifically on September 7, 2007, January 16, 2008, and March 17, 2008. Although the Commissioner concedes that the ALJ's statement was incorrect, Defendant argues that the ALJ did consider these records, but mistakenly referred to them as being dated in 2007. For instance, Defendant submits that the ALJ's discussion of Cleveland Clinic records from March 2007 actually refer to the Cleveland Clinic records from March 2008. While this may be true, it is imprudent for the undersigned to speculate about the source of the ALJ's error.

---

[3] Plaintiff's arguments regarding the other documents which she alleges ALJ Shortill overlooked are addressed later in this Opinion.

It is certainly possible that the ALJ was not aware of records from the Cleveland Clinic demonstrating that Plaintiff was treated there between June 2007 and June 2008, as he specifically stated otherwise in his opinion.  While the Commissioner points to other alleged gaps in Plaintiff's treatment history, it is impossible for the Court to determine whether the ALJ's finding here was supported by the record because the ALJ did not elaborate upon the particular "gaps" to which he was referring when he decided to discount Gerhart's credibility based on this factor.  It was within the ALJ's purview to determine whether the length in time between Gerhart's treatment was reasonable under the circumstances, and if not, explain his basis for deciding such.  But, the ALJ's misstatement of the record revealed an apparent oversight the ALJ made in his review of the record.  This oversight undermined the ALJ's decision to discount Gerhart's credibility on this basis.

Plaintiff also submits that the ALJ's second and third stated reasons for discounting her credibility—failing to follow her doctor's recommendations and not being compliant with prescribed medication—are unfounded.  Gerhart indicated that she could not comply with her doctor's recommended treatment or medication regimen due to financial difficulty.  There were numerous instances of Plaintiff alleging indigence as the cause of her inability to comport with recommended treatment and medication, many of which instances were noted by ALJ Shortill in his written opinion.  Plaintiff therefore submits that the ALJ's acknowledgment of her financial difficulties undercut his decision to discredit her on the basis of failing to conform to her doctor's recommendations.

Although the Court is hesitant to do so, it finds that Plaintiff's critique of the ALJ's decision has some merit.[4] The ALJ's opinion made repeated mention of Plaintiff's inability to afford treatment and other forms of medical care as a result of her lack of medical insurance and financial concerns. Social Security Ruling 96-7p advises ALJs to consider a claimant's reasons for failing to seek regular medical treatment. *See* SSR 96-7p, 1996 WL 374186, at *7-8. Yet, ALJ Shortill did not explain why he chose to discredit Gerhart's statements that she could not afford treatment even after he acknowledged her reported claims of financial hardship.

Under some circumstances, these errors would not necessitate remand on their own. *See Wells v. Astrue*, No. 09-78-GFVT, 2009 WL 3789006, at *4, n.2 (E.D.Ky. Nov. 12, 2009) ("[T]he ALJ['s] failure to address Wells' alleged inability to afford treatment amounted to harmless error because he based his credibility determination on many factors, not merely on Wells' lack of medical treatment."); *see also Davis v. Astrue*, No. 08-122-GFVT, 2009 WL 2901216, at * 5 (E.D.Ky. Sept. 3, 2009). However, remand is proper in the instant case because

---

[4]While Plaintiff's argument is technically sound, the Court would be remiss if it did not point out that there was ample evidence in the record to rebut Plaintiff's claim that she was unable to afford medical treatment. During the hearing, Plaintiff admitted to regularly (every couple of days to once a week) using cocaine for a number of years, from approximately 2003 until six months prior to the hearing. (Tr. 41-44). Gerhart further admitted to paying $75 roughly every week for these drugs, even though she stated that her supplier would give her $300-$450 worth of cocaine each week. (Tr. 43). It appeared that the ALJ doubted the truthfulness of Plaintiff's testimony regarding how much money she spent on drugs because he noted that it would be irrational for someone to give Plaintiff more drugs than that for which she paid. (Tr. 43-44). Accordingly, it would have been reasonable for ALJ Shortill to disregard Plaintiff's claim that she could not afford her medications or recommended treatment given her ability to regularly spend substantial amounts on illegal drugs. *See Rise v. Apfel*, 234 F.3d 1269 (6th Cir. 2000) (Table) (ruling that the ALJ did not commit reversible error by discrediting the claimant's statement that she could not afford medications because she was able to afford cigarettes); *see also Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) (finding that the plaintiff's claim that he could not afford support hose was incredible given that he was able to afford to smoke two packs of cigarettes a day).

neither of the two remaining reasons proffered by the ALJ in support of his decision to discredit Plaintiff is sufficient to uphold the ALJ's negative assessment of Plaintiff's credibility.

ALJ Shortill's reliance upon Plaintiff's routine and/or conservative treatment is troublesome because it is subject to the same criticism that plagued the ALJ's reliance upon Plaintiff's failure to follow-up with treatment and to be compliant with taking prescribed medications. Presumably, if an individual is truly unable to afford "conservative" forms of treatment, that individual would likely also be unable to afford more aggressive or advanced forms of treatment. Thus, the ALJ's failure to address Gerhart's inability to afford treatment also weakened his reliance upon this factor. In addition, the Court notes that not all of Plaintiff's ailments could have been managed with more aggressive treatment. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011) (stating that "'more aggressive' treatment is not recommended for fibromyalgia patents").[5]

More problematic is the ALJ's bare reference to Gerhart's admitted drug use as a factor to discredit the veracity of her statements. The undersigned is not aware of any binding case law or regulation which creates a direct correlation between an individual's status as a drug user and the truthfulness of the individual's statements. Rather, many courts have accepted an ALJ's decision to discount a claimant's credibility based upon the *inconsistent statements* the claimant made regarding his or her substance abuse. *See e.g. Holmes v. Astrue*, No. 3:08-CV-2801, 2010 WL 1258080, at *11-12, n.5 (N.D. Ohio Mar. 26, 2010) (Carr, J.) ("[T]he ALJ properly considered Holmes's inconsistent statements about his alcohol use in evaluating Holmes's

---

[5] Plaintiff did not challenge the ALJ's decision to omit her fibromyalgia as a severe impairment at step two of the sequential analysis. However, the Court notes that the ALJ's opinion acknowledged that Plaintiff was diagnosed with the condition and tested positive on 18 out of the 18 trigger points. (Tr. 18).

credibility."); *see also Williams v. Astrue*, 371 F. App'x 877, 879 (9th Cir. 2010) (ruling that it was proper for the ALJ to use the claimant's inconsistent statements regarding his drug and alcohol use to undermine the claimant's overall credibility).

But, in the instance case, Plaintiff was truthful at the hearing regarding her drug use. She admitted that she had used drugs after her alleged onset date. Although it may seem self-evident that using illegal drugs is somewhat probative of a person's tendency to be untruthful, the undersigned is not inclined to embrace such a broad generalization, especially when the Commissioner has not provided any legal support for such a conclusion. This is not to say that the ALJ was completely precluded from considering Plaintiff's history of drug abuse in weighing her credibility. As the Court alluded in footnote three herein, it may have been proper for ALJ Shortill to contrast Plaintiff's statements regarding her inability to afford treatment and medication with her admissions of being able to afford illegal narcotics. But, the ALJ's opinion did not do so and it is not proper for the Court to suppose that this is what the ALJ intended by citing Plaintiff's drug use as a reason to discredit her testimony. *See McClesky v. Astrue*, 606 F.3d 351, 353 (7th Cir. 2010) (finding that the ALJ erred by failing to engage in any discussion of how Plaintiff's ability to obtain illegal drugs undermined her claims that she could not afford prescription drugs).

On remand, the ALJ must reevaluate Gerhart's allegations of pain in accordance with the factors set forth in *Felisky* and Social Security Rulings 96-7p and 88-13. The ALJ's evaluation of these factors should be "sufficiently specific" to ensure that Plaintiff and any other subsequent reviewer can appreciate how much weight the ALJ assigned to Plaintiff's statements and the reasons for that weight. *Rogers*, 486 F.3d at 249. The ALJ's bare recital of the objective evidence in the record and Plaintiff's daily activities does not, without some analysis, explain

why or how this evidence impacted the ALJ's decision. ALJ Shortill must provide this analysis on remand. On the other hand, to the extent that Plaintiff objected to the ALJ's decision due to the ALJ's omission of any discussion regarding the statements Plaintiff made to her doctors about the severity of her pain, there is no authority for Plaintiff's contention that ALJ Shortill was required to separately analyze these statements. Accordingly, this apparent failure does not constitute error.

### 2. ALJ's Discussion of the Evidence of Record

Plaintiff also submits that the ALJ's review of the record was insufficient because the ALJ's discussion of the medical evidence failed to acknowledge several records in Plaintiff's medical files. For instance, Plaintiff points to a host of records between February 2006 and January 2007 which she argues ALJ Shortill failed to consider. Gerhart maintains that the ALJ's failure to reference these records in his recital of the evidence indicates that he failed to consider this evidence.

The Court rejects Plaintiff's contention that the ALJ's omission of these specific records, dated between February 2006 and January 2007, signifies that the ALJ did not consider such evidence. As the Commissioner noted, an ALJ is not required to recite every piece of evidence in the record, "so long as [the ALJ] consider[s] the evidence as a whole and reach[es] a reasoned conclusion." *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010) (*citing Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006)). Furthermore, "an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) (*citing Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004)). Accordingly, ALJ Shortill's failure to refer to the records identified by Plaintiff (specifically those created between February 2006 and January 2007), does

not denote that he did not consider this evidence. Regardless, given the ALJ's prior error in reviewing the records from the Cleveland Clinic, remand will give the ALJ a second opportunity to review these records.

### 3. Severe Impairment

The Court also rejects Plaintiff's argument that the ALJ's failure to name Plaintiff's arthritic hand condition as a severe impairment was erroneous. The second step of the sequential analysis is used as a screening tool to allow ALJs to dismiss "totally groundless" claims from a medical standpoint at an early stage in the review process. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Although this step of the analysis is judged under a *de minimis* standard, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 690-92 (6th Cir. 1985), not all medical conditions will be deemed severe. Notwithstanding, even when an ALJ errs by failing to list one of the claimant's impairments as severe, such an error will not always require remand. Remand is not necessary so long as the ALJ finds the claimant to suffer from at least one severe impairment and continues to evaluate both the claimant's severe and non-severe impairments during the latter steps in the sequential analysis. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

In the case *sub judice*, ALJ Shortill determined that Gerhart suffered from four different severe impairments. Such a finding compelled the ALJ to proceed with evaluating Plaintiff's severe and non-severe impairments through the remaining steps in the sequential analysis. By Plaintiff's own admission, she acknowledges that ALJ Shortill accounted for her arthritic hand condition in his RFC finding even though he did not conclude that this malady constituted as severe. Accordingly, regardless of whether the ALJ should have labeled this condition as severe

at step two, the ALJ's consideration and inclusion of this impairment in his RFC finding rendered any such error irrelevant. See *Maziarz*, 837 F.2d at 244. Nevertheless, because remand is proper on other grounds, it would pose no additional burden on the ALJ to expressly address whether Plaintiff's hand condition constitutes as a severe impairment at step two of the sequential analysis.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly, the Court VACATES the decision of the Commissioner and REMANDS the case back to the Social Security Administration.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: March 29, 2012.